THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MOYLE PETROLEUM,              )        Case No. 2:12cv901 DS

      Plaintiff,           )

  vs.                         )        MEMORANDUM DECISION

RAY LAHOOD, et al.,           )

      Defendants.          )

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Introduction

In this action, Plaintiff MOYLE PETROLEUM COMPANY ("Moyle") seeks declaratory and injunctive relief as against Defendants RAY LAHOOD (Department of Transportation), VICTOR MENDEZ (Federal Highway Administration), JAMES CHRISTIAN (Federal Highway Administration, Utah Division), and JOHN NJORD (Utah Department of Transportation) (collectively, "Defendants") in connection with a transportation project which was allegedly planned and approved in violation of the National Environmental Policy Act ("NEPA") and Executive Order 11990. 42 U.S.C. §§4321 et seq.

Background

Defendants planned and approved a transportation project referred to as the Bangerter 600 West Project. The project involves modification of the intersection at 200 West and Bangerter Highway—in Draper, Utah—and builds a new interchange at 600 West. (Doc. 1, 2.) NEPA

requires that agencies responsible for major transportation projects submit an Environmental Impact Statement ("EIS") that fully examines the project, all reasonable alternatives thereto, and their environmental impacts. 42 U.S.C. §4332(2); 40 C.F.R. §§1502, 1508; 23 C.F.R. §771. Moyle alleges that Federal Defendants did not fully comply with the procedures mandated by NEPA, and that it will suffer environmental and economic harm as a result.

## Motion Before the Court

Federal Defendants move to dismiss this action for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendants argue that Moyle does not have Article III standing or prudential standing. If either is lacking, dismissal is proper. If Moyle's allegations are sufficient to establish both, however, it may survive the motion to dismiss.

## Standard of Review

On a motion to dismiss for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) at the pleading stage, the court examines the case under a presumption that the plaintiff's general allegations embrace those specific facts that are necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A greater factual showing may be required where defendants make a factual challenge rather than a facial challenge, or where the motion before the court is for summary judgment. However, where a defendant attacks standing on the sufficiency of the allegations in the plaintiff's complaint, the Court "must accept as true all

material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Id.* [1]

## Discussion

The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III of the Constitution. U.S. Const. Art. III; *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996). Article III requires a plaintiff to show: (1) he or she has personally suffered an injury in fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450 (10th Cir. 1994). Moyle likely does not meet the first prong of this analysis, and therefore does not have Article III standing. Even if Moyle were able to demonstrate Article III standing, Moyle fails to demonstrate that it has prudential standing because Moyle's injury does not fall within the *zone of interest* NEPA was designed to protect.

---

[1] Moyle views the motion as a *facial* attack, where Defendants view it as a *factual* attack. The standard of review for a factual attack is different. "Where a party attacks the factual basis for subject matter jurisdiction, the court does not presume the truthfulness of factual allegations in the complaint . . . ." *La Resolana Architects v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1198 (10th Cir. 2005). Instead, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Moyle requested that if the Court views the motion as a factual attack, that they be provided the opportunity to support their claims with affidavits. However, even if Moyle can support the facts it alleges, the doctrine of prudential standing prevents it from moving forward. Moreover, even if the court were to classify the motion as a facial challenge—its allegations are insufficient to establish standing.

Article III Standing:

Defendants argue that Moyle has not demonstrated an *injury in fact*—a required component of Article III standing. Moyle counters that it made such a demonstration by showing that the Bangerter 600 West Project decisions were made without following proper NEPA procedures. (Complaint, ¶¶ 36-87.) Indeed, procedural violations of NEPA—of the type Moyle alleges—constitute harm for purposes of providing the foundation for Article III standing. *Wyoming v. U.S. Dept. of Interior*, 647 F.3d 1220 (10th Cir. 2012); *Dine Citizens Against Ruining Our Environment, et al v. Klein*, 747 F.Supp.2d 1234, 1244 (D. Colo.2010). However, deprivation of a procedural right alone is insufficient. Courts have long rejected such claims as "generalized grievances," which lack Article III standing.  Thus, the Supreme Court and the 10th Circuit have held that the party bringing such a suit must also show: (1) that in making a decision without following proper NEPA procedures, the agency created an *increased* risk of actual, threatened, or imminent environmental harm; and (2) that such increased risk of environmental harm injures its concrete interest. *Id.*

With respect to the first element of the analysis, Moyle couples its allegations of procedural harm with allegations of degradation of air quality. (Doc 21 *citing* Complaint ¶¶75-87.)  However, like the plaintiffs in *Wyoming* who failed to state how shifting snowmobilers from national forests to the parks would better the air quality, here Moyle has failed to adequately explain how using an alternative which allows left turns on the 200 West interchange will better the air quality on its property. Thus, like the plaintiffs in *Wyoming*, Moyle has failed to sufficiently meet the demands of the first element in its pleadings. To the extent that Moyle has voiced concerns about environmental harms to its interest in "local quality of urban life . . . water

quality, traffic, congestion, . . . and impacts on nearby sensitive lands that might be caused by the Bangerter 600 West Project, those concerns may be shared by all and are more accurately categorized as general grievances. (Doc. 21 *citing* Complaint, ¶¶ 75-87).

Even if Moyle met the requirements of the first element, it has not and cannot meet the requirements of the second. The 10th Circuit has held that a litigant shows that the increased risk of environmental harm "injures its concrete interests by demonstrating either its geographical nexus to, or actual use of the site of [interest]." *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996). While Moyle may have an argument for having a geographical nexus to the Bangerter 600 West Project, even where a geographical nexus is established the alleged harm to a plaintiff's concrete interest must be tenably linked to the increased *environmental* harm established under the first prong. It is clear that Moyle's concrete interests are in property access and business revenues from commuter traffic. These harms are not so much linked to the *environmental* changes that may result from the 600 West Bangerter Project as they are to the removal of a left-turn option at 200 West and Bangerter Highway. And again, to the extent that Moyle has voiced concerns about environmental harms to its interest in "local quality of urban life . . . water quality, traffic, congestion, . . . and impacts on nearby sensitive lands that might be caused by the Bangerter 600 West Project, those concerns may be shared by all and are more accurately categorized as general grievances. (Doc. 21 *citing* Complaint, ¶¶ 75-87).

Prudential Standing:

Because Moyle does not have Article III standing, it is unnecessary to perform a prudential standing analysis. However, even if Moyle had met the requirements of Article III standing, the motion to dismiss would still be granted because Moyle fails to pass even a lenient prudential standing analysis. To be sure, prudential standing requires that the alleged concrete interest must be within the *zone of interest* NEPA was designed to protect. *Douglas County v. Babbitt*, 48 F.3d 1495, 1501 (9th Cir. 1995).  As mentioned previously, however, it is clear that Moyle's concrete interests are in property access and business revenues from commuter traffic. These harms are not environmental, and as such are not within the *zone of interest* NEPA was designed to protect. Indeed, Moyle has not alleged sufficient facts to provide any rational basis for the court to presume that allowing left-hand turns at the 200 West interchange—thereby permitting more pollution emitting vehicles to frequent its premises—will somehow better the air quality or other environmental factors on its premises, rather than diminish them.  Any link between its concrete interests and the environment are too attenuated to fall within the *zone of interest* NEPA was designed to protect.  Just as the court in *Hurd Urban Development v. Federal Highway Administration* stated, "ensuring that a greater number of vehicles traverse one's land is not [within NEPA's zone of interest]." 33 F.Supp. 2d 570, 575 (S.D. Texas 1998). Along with Hurd Urban Development, Defendants provide a persuasive body of case law where plaintiffs were found to lack prudential standing even where their alleged concrete interests were much

closer to the *zone of interest* of NEPA is designed to protect.[2] (Doc. 36, 7-9.) Thus, the court finds Moyle has not met prudential standing requirements.

## Conclusion:

This case is remarkably similar to *Hurd Urban Development* and *Wyoming*. *Wyoming v. U.S. Dep't of the Interior*, 674 F.3d 1220, 1237 (10th Cir. 2012), *Hurd Urban Development v. Federal Highway Administration*, 33 F. Supp. 2d 570, 575 (S.D. Texas 1998). In each case, the court found that the plaintiff did not have standing. It is hereby ORDERED, therefore, that the Defendants' motion to dismiss is GRANTED for the reasons stated herein and briefed more fully by Defendants.

DATED this 13th day of May ,2013.

BY THE COURT:

*/s/ David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] *See One Thousand Friends of Iowa v. Mineta*, 250 F. Supp.2d 1064, 1071 (S.D. Iowa 2002) (a transportation case wherein the court found a corporation was unable to establish standing either on the basis of its employee's interests or anticipated economic harm); *see also Kingman Reef Atoll Investments, L.L.C. v. U.S. Dept. of Interior*, 195 F. Supp. 2d 1178 (D. Hawaii 2002) (finding a private investment company lacked standing to challenge the formation of a wildlife refuge where there was a lack of any evidence showing the company had a substantive interest in preserving the environment); *see also Lower Arkansas Valley Water Conservancy Dist. v. United States*, 578 F. Supp. 2d 1315. 1338 (D. Col. 2008) (holding that a water conservancy district who challenged a water storage contract did not have standing to bring a NEPA claim—finding the export of water and its attendant impacts, including agricultural impacts, were still economic rather than environmental concerns); see also *Trinity County Concerned Citizens v. Babbitt*, 1993 WL 650393 (D.C. Cir.) (finding timber companies' concern for a healthy forest was no more than an economic injury in disguise).